Filed 2/2/22  P. v. Castillo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078680 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR134015) |
| RUDOLPHO CASTILLO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Frederic L. Link, Judge.  Reversed and remanded with directions. Appellant's request for judicial notice is denied.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Melissa Mandel, Acting Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

In 1993, a jury convicted Rudolpho Castillo of first degree murder (Pen. Code,[1] § 187, subd. (a)) with the use of a firearm (§ 12022, subd. (a)) and assault with a firearm with the personal use of a firearm (§ 12022.5, subd. (a)). Castillo admitted a serious felony prior conviction. Castillo was sentenced to an indeterminate term of 31 years to life in prison.

Castillo appealed and this court affirmed the judgment in an unpublished opinion, *People v. Castillo,* D018563 (Feb. 9, 1994).

In 2019, Castillo filed a petition for resentencing under section 1170.95. The court appointed counsel, received briefing, and ultimately held a hearing. After reviewing the record and the evidence from the original trial, the court determined Castillo was convicted as a direct aider and abettor who acted with reckless disregard for human life. The court said:

> "In looking at the evidence here, it is clear to this Court that this defendant was a major participant in the underlying felony, and he acted with reckless disregard, in going over the evidence of the case and from the facts from the Court of Appeal[ ].

> "I find that in this case, it is very clear that he, with—even with intent to kill, he assisted the actual[ ] killer. He technically was a killer. He and his buddy went after him. One has got a butcher knife. He has the gun. He is shooting and misses. The other guy goes over and stabs him with the butcher knife. Your guy goes around and gets the car, and they all jump in and leave.

> "I mean, if that is not a conspiracy to commit a felony, then I don't know what it is. That definitely is implied malice."

Castillo filed a timely notice of appeal.

Castillo contends the trial court erred in denying his petition at the prima facie stage of review without issuing an order to show cause and

---

[1] All further statutory references are to the Penal Code.

2

holding an evidentiary hearing. The Attorney General agrees with Castillo and concedes we must reverse and remand for an evidentiary hearing. After review of the record, we will accept the Attorney General's concession.[2]

DISCUSSION[3]

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the court clarified the role of trial judges when conducting a prima facie review of a petition for resentencing under section 1170.95. The court quoted from section 1170.95, former subdivision (c), explaining:

> "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

(*Lewis*, at p. 961.)

The trial court may consider the record of conviction in determining whether the petitioner's representations have been rebutted as a matter of law. The court may not, however, engage in factfinding, making credibility determinations, or weighing evidence at the prima facie review stage. (*Lewis*,

---

[2] Given the Attorney General's concession, we will deny Castillo's request for judicial notice of certain records from the jury trial. Such additional records are not necessary for the proper resolution of this appeal.

[3] The facts of the offense are fully set forth in our prior opinion. We will not repeat them here.

*supra*, 11 Cal 5th at pp. 971-972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981.)

In this case, the jury was instructed originally on direct aiding and abetting. However, during jury deliberations the jury was instructed on liability based on natural and probable consequences arising from aiding a "criminal act." The prosecutor and the trial judge ignored the ambiguity created by the new instruction. The court focused on the testimony from the original trial. Based upon the court's evaluation of the testimony from the trial, the court independently concluded Castillo was convicted as a direct aider and abettor who acted with reckless disregard for human life. Such evidentiary analysis and weighing was not appropriate at the prima facie stage of review. The court should not have denied the petition at that point; thus, we will accept the parties' agreement including the Attorney General's concession and reverse and remand the case with directions.

## DISPOSITION

The order denying Castillo's petition for resentencing under section 1170.95 is reversed. The case is remanded to the superior court with directions to issue an order to show cause and to conduct an evidentiary hearing as required by statute.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


DO, J.

5